## APPEALS OF WASHINGTON HOTEL CO. AND CAPITOL HOTEL CO.

Docket Nos. 6609, 7134, 6610, 7133. Decided July 28, 1926.

1. Value of leasehold paid in to the Washington Hotel Co. at the date of its organization for capital stock determined for invested capital purposes, and as of March 1, 1913, for exhaustion.

2. Consolidated invested capital increased to include the aggregate amount by which the assets are understated on the books of the affiliated companies.

3. A salary bonus voted in the year 1920 to employees of the Washington Hotel Co., but actually paid during the year 1921, constituted a proper deduction from gross income for the year 1920, the taxpayer being .on an accrual basis.

4. The consolidated invested capital may not be reduced in determining the extent to which a dividend is paid from current earnings of a year by a " tentative tax " theoretically set aside out of such earnings pro rata over such year. *Appeal of L. S. Ayers & Co.,* 1 B. T. A. 1135.

*R. Kemp Slaughter, Esq.,* and *H. C. Bickford, Esq.,* for the petitioners.

*Percy S. Crewe, Esq.,* for the Commissioner.

### Before STERNHAGEN and ARUNDELL.

|  | 1919. | 1920. | 1921. |
|---|---|---|---|
| Washington Hotel Co | $1, 551. 53 | $1, 488. 84 | $1, 200. 10 |
| Capitol Hotel Co | 1, 888. 51 | 1, 531. 96 | 676. 29 |

These appeals involve adjustments made by the Commissioner in the consolidated net income and invested capital and the valuation of a leasehold estate.

### FINDINGS OF FACT.

The petitioners, Indiana corporations with their principal offices at Indianapolis, filed consolidated returns of net income and invested capital for all of the years in controversy.

The Washington Hotel Co. was incorporated on or about November 11, 1912, with an authorized common capital stock of $100,000 par value, for the purpose of conducting a hotel business.

For several years prior to 1912, J. Edward Krause had been successful in the conduct and operation of several large hotels in and about the City of Indianapolis. Early in that year he secured an

option on the ground upon which the present Lyric Theatre stands, with the view to erecting thereon a large building for hotel purposes. At the same time the Washington Hotel Realty Co., lessee of a certain tract of land located in Lot 4, Square 56, in the City of Indianapolis, had under construction the present Washington Hotel, and, being desirous of having the hotel operated under the management of Krause, prevailed upon the latter to abandon his plans and take over the operation of the Washington Hotel under a 20-year sub-lease, with the privilege of renewal for a further term of 15 years. As an inducement to Krause to take over the operation of its new hotel under sub-lease, the Realty Company proposed to him, prior to entering into the lease agreement, that the rentals to be reserved under the lease should be only such an amount as would be sufficient to take care of its obligations. In order to induce the Realty Company to fix the yearly rentals at as low a figure as possible, Krause subscribed for, and later actually acquired for cash at par, $30,000 par value of the Realty Company's second preferred stock, an issue which the company had floated in order to secure additional funds to complete the construction of the building.

The lease agreement, under which the Washington Hotel Realty Co. demised and sub-leased to Krause the premises above referred to, bears date of July 22, 1912, and runs for a term of 20 years, with the privilege of renewal for a further term of 15 years. The agreement provides for the payment by the lessee of an annual rental of $55,000 for the first ten years, $57,500 for the second ten years, and $60,000 during the renewal term. In addition to the rental payments reserved under the lease, Krause agreed to purchase, pay for and install in the premises furniture, fittings, equipment and other improvements, of good and substantial quality and character, of the value of not less than $45,000, upon which the lessor is to have and hold a first lien to secure the payments of rent and other charges under the lease.

The hotel building was completed and ready for occupancy in or about the month of January, 1913.

Upon the organization of the Washington Hotel Co., Krause turned over to it the lease and cash in the amount of $22,131.99, and received in exchange therefor the entire authorized common capital stock of that company of $100,000 par value. The difference between the cash received from Krause and the par value of the capital stock issued to him, to wit, $77,868.01, was charged on the books of the Washington Hotel Co. to an account denominated " Lease and Good Will."

The fair rental value of the leased premises, at the date the lease was paid in to the Washington Hotel Co. and at March 1, 1913, was not less than $65,000 per annum.

In the computation of the consolidated invested capital for the three years in question, the petitioners included the leasehold at a value of $77,868.01. The Commissioner disallowed the claimed value for invested capital purposes, and has refused to allow any deduction from the income of the years concerned on account of depreciation of the March 1, 1913, value of the lease.

The actual cash value of the leasehold, at the date it was paid in to the Washington Hotel Co., and the fair market value thereof at March 1, 1913, was $77,868.01. The remaining life of the lease, including the renewal period, was, at the date paid in to the Washington Hotel Co., 34 years, 8⅓ months, and at March 1, 1913, 34 years, 4⅔ months.

The asset accounts of the Washington Hotel Co. were understated on its books at January 1, 1919, 1920 and 1921, by the amounts of $120, $140, and $160, respectively, through erroneous overpayment of rentals to the Washington Hotel Realty Co. These items were not included in the consolidated invested capital by the petitioners, and the Commissioner has failed to so include them.

The asset accounts of the Washington Hotel Co. were further understated, at the beginning of each of the years in question, by the amount of $1,350, said understatement having been brought about through erroneous charges to the surplus account, on September 30, 1916, May 31, 1917, and June 30, 1918, in the amount of $450 each. These three items, totaling $1,350, were proper charges against the personal account of J. Edward Krause. The petitioners failed to include these items in the consolidated invested capital, and they have not been so included by the Commissioner.

In the computation of the consolidated invested capital for the year 1919 the Commissioner has included prepaid rentals of the Capitol Hotel Co. in the amount of $1,603.01. The correct amount of prepaid rentals at the beginning of the year was $1,750.

The Commissioner reduced the consolidated invested capital for the taxable years 1920 and 1921 by the amounts of $4,146.11 and $2,136.95, respectively, on account of dividends paid during those years. These amounts were computed by the Commissioner in the following manner: From the corrected net income for each year there was deducted the resulting tax computed on the basis of the correct net income and the consolidated invested capital without deduction for any dividend payments, the remainder being assumed to represent the amount of income available for the entire year for distribution as dividends. This latter amount was prorated over the entire year to determine the amounts available at the dividend dates, and to the extent that these latter amounts were exceeded by the dividend payments the Commissioner treated the payments as

having been paid out of the surplus available at the beginning of each year.

The total capital-stock tax paid by the Capitol Hotel Co. for the year 1921 was $39 greater than the deduction allowed by the Commissioner in respect of such tax.

In 1920 the Washington Hotel Co. voted a bonus of $1,500 to certain of its subordinate employees and paid the same in the following year. The amount of the bonus was accrued on the books of account as an expense of the year 1920 and claimed as a deduction in the income-tax return for that year. The Commissioner has held that the payment of this bonus constituted an expense deduction for the year 1921 and not for the year 1920.

### OPINION.

ARUNDELL: Two witnesses testified on behalf of the petitioners that the lease owned by the Washington Hotel Co. had a value at the date acquired by that company and at March 1, 1913, of $100,000, and another testified that, in his opinion, the value was between $100,000 and $150,000. A careful consideration of the entire evidence, however, including that relating to the length of time the lease had to run and the low rentals reserved under its provisions, as compared with what we have found to be the fair rental value of the property, leads us to the conclusion that the lease had a fair market value at the date acquired by the Washington Hotel Co. and at March 1, 1913, of $77,868.01, which was the value placed upon it originally by petitioners in their returns to the Commissioner. Based upon a value at the date of acquisition of $77,868.01 and a life of 34 years, 8⅓ months, the amounts at which the petitioners are entitled to include this lease in the consolidated invested capital for the years 1919, 1920, and 1921, are $64,089.95, $61,845.56, and $59,601.17, respectively.

At March 1, 1913, the remaining term of the lease, including the renewal period of 15 years, was 34 years and 4¾ months, and its fair market value at that date was $77,868.01. The annual deduction which the petitioners are entitled to make in computing taxable net income is $2,264.34.

The several amounts by which the asset accounts of the Washington Hotel Co. were understated at the beginning of each of the years in question, and the amount of the Commissioner's understatement of the asset accounts of the Capitol Hotel Co. at the beginning of the year 1919, the understatements being due to overpayments and prepayments of rent and erroneous charges of accounts receivable against surplus, constitute valid accounts receivable or prepaid expenses, which should be included in the consolidated invested capital. The consolidated invested capital for the years 1919, 1920 and

1921, as computed by the Commissioner, should be increased by the amounts of $1,616.99, $1,490, and $1,510, respectively.

The Commissioner's action in reducing the consolidated invested capital for the years 1920 and 1921 by the amounts of $4,146.11 and $2,136.95, respectively, is in error, since the amounts of the reductions represent not the excess of the dividend payments over the available earnings at the dividend dates, but the excess of the dividend payments over the actual earnings reduced by a so-called tentative tax. This question has heretofore been considered by the Board in the *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135, and on authority of that decision we must hold adversely to the Commissioner on this issue.

The deduction which the Commissioner has allowed in computing the consolidated net income for the year 1921, on account of taxes paid within the year by the Capitol Hotel Co., is $39 less than the amount actually paid. The net income, as thus computed by the Commissioner, should be reduced by the amount of $39.

The bonus of $1,500 paid in the year 1921 to certain subordinate employees of the Washington Hotel Co. was actually voted in the year 1920, and, representing as it does a liability incurred in the year 1920, it is a proper expense deduction in computing the consolidated net income for that year. The Commissioner's action in refusing to allow the deduction for the year 1920 and allowing it for the year 1921 is in error.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*